IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LADEDRICK DAVIS                                                                                          PLAINTIFF

v.                                    Civil No. 1:16-cv-01019

NURSE SHERRI RICE, Union County
Detention (UCDC); SHERIFF
MIKE McGOUGH, Union County, Arkansas;
CAPTAIN MITCHUM, UCDC; LIEUTENANT
PAUL KUGLER, UCDC; AND DR. HOPKINS, UCDC                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF MAGISTATE JUDGE

Plaintiff Ladedrick Davis proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before me on Plaintiff's failure to comply with two Court orders (ECF Nos. 19, 21) compelling Plaintiff to respond to discovery requests from Defendants.

### BACKGROUND

Plaintiff filed this case *pro* se on March 9, 2016. ECF No. 1. On March 31, 2016 I directed Plaintiff to file an Amended Complaint to clarify his claims. ECF No. 6. Plaintiff filed an Amended Complaint on April 25, 2016. ECF No. 8. Defendant Deanna Hopkins filed her answer on June 13, 2016 (ECF No. 12) and Defendants Paul Kugler, Mike McGough, Captain Mitchum and Sherri Rice filed their Answer on June 14, 2016. ECF No. 13.

On September 16, 2016 Defendant Hopkins filed a Motion to Compel production of discovery requests propounded to Plaintiff. ECF No. 18. Defendant stated she first served

Interrogatories and Requests for Production, which included a Medical Authorization, on Plaintiff on June 13, 2016.  The discovery requests were not returned as undeliverable.  Plaintiff did not respond.  On July 26, 2016 Defendant attempted to resolve the discovery dispute in good faith without court intervention and sent correspondence to Plaintiff requesting his past-due discovery responses within  ten (10) days informing Plaintiff if he failed to respond a motion to compel would be filed.  The correspondence was not returned as undeliverable.  Plaintiff again failed to respond.  On September 27, 2016 this Court granted Defendant Hopkins' Motion to Compel directing Plaintiff to provide Defendant with responses to the discovery requests by October 14, 2016.  To date, Plaintiff has not provided any responses to Defendant Hopkins.

On October 17, 2016 Defendants Kugler, McGough, Mitchum and Rice filed a Motion to Compel stating they first served Interrogatories and Requests for Production to Plaintiff on June 13, 2016 at ADC – Ouachita River Unit, P.O. Box 1630, Malvern AR 72104.  ECF No. 20.  This mailing was returned to counsel for Defendants reflecting an incorrect ADC Number.  On July 25, 2016 Defendants re-sent Plaintiff the First Set of Interrogatories and Request for Production of Documents to Plaintiff at ADC – Ouachita River Unit, P.O. Box 1630, Malvern, AR 72104 with the correct ADC Number.  This mailing was not returned as undeliverable and Plaintiff did not respond.  On August 15, 2016 counsel for Defendant sent correspondence to Plaintiff requesting the past-due discovery responses be completed by August 29, 2016.  This letter informed Plaintiff if he failed to respond a motion to compel would be filed.  The correspondence was not returned as undeliverable.  Plaintiff again failed to respond.  This Court granted Defendants' Motion to Compel giving Plaintiff until October 31, 2016 to provide Defendants with responses to discovery.  ECF No. 21.  Plaintiff has not submitted any responses to Defendants.

.

## APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

## DISCUSSION

Plaintiff has failed to comply with two Court Orders (ECF Nos. 19, 21) to produce discovery responses to Defendants. As a result, counsel for Defendants has been unable to conduct discovery. Accordingly, Plaintiff's Complaint should be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

## CONCLUSION

For the reasons stated, I recommend Plaintiff's Amended Complaint (ECF No. 8) be **DISMISSED.** All claims against Defendants Deanna Hopkins, Paul Kugler, Mike McGough, Richard Mitchum and Sherri Rice should be dismissed without prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED this 2nd day of November 2016.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE